## WINFIELD S. EBEY *vs.* ENGLE & HILL.

The amount claimed, and not that recovered, is the test, by which the jurisdiction of a Justice of the Peace is determined.

The term *costs*, is used in section 369, page 202, laws of 1854, in a popular sense, and not limited to costs "to be allowed to a party," as provided in section 374 of the practice act of 1854.

ERROR to the Third Judicial District.

Opinion by FITZHUGH, Associate Justice.

This cause comes up on exceptions taken to the ruling of the District Court, upon a motion to re-tax the costs.

This case was originally commenced in the Third District, to recover a claim of two hundred and eighty dollars, as alleged in the complaint.

The verdict was in favor of the defendants in error, and against the plaintiff in error, who was defendant in the Court below, in the sum of fifteen dollars.

Upon this the Court rendered judgment against the defendant in the sum of fifteen dollars damages, and forty-nine dollars and ninety cents costs of suit.

The error alleged is, that the Court should have taxed the costs against the plaintiffs in the suit, on the ground that they had brought it in the District Court on a cause of action within the jurisdiction of a justice of the peace; and reference is made to the 369th section of the practice act, which is as follows:

"The plaintiff shall not be entitled to costs in any action within the jurisdiction of a justice of the peace, which shall be commenced in the District Court, where the recovery is for a less amount than one hundred dollars." Statutes W. T., 1854, page 202, section 369.

By the act confirming jurisdiction on justices of the peace, section 23, it is provided " that justices of the peace shall have jurisdiction in actions for damages, when the amount *claimed* does not exceed one hundred dollars." It will be seen from the language of the statute that the amount *claimed,* and not the amount *recovered,* is the test by which the jurisdiction is determined.

In this cause the demand is for two hundred and eighty dollars—is sworn to by plaintiff, and had the complaint been filed before a justice, must have been dismissed for want of jurisdiction.

We are therefore of the opinion that the costs properly follow the verdict. We are also of the opinion that the term *costs,* as used in the statute, refers to what is popularly known as costs, and is not limited to the costs "to be allowed to a party," as provided in section 374 of the practice act; laws W. T., 1854, page 202. In this cause, the costs in that section have not been allowed.

We think the plaintiffs in the Court below are entitled to that item, in addition to what was allowed in the District Court.

It is therefore ordered and adjudged, that the judgment of the Court below be affirmed, with, costs and interest, and that the further sum of fifteen dollars be taxed against said defendant below, plaintiff in error herein, costs in the Court below, together with costs in this Court.